Filed 9/14/21  I.A. v. Superior Court CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| I.A.,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF VENTURA COUNTY,<br><br>    Respondent;<br><br>VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Real Party in Interest. | 2d Juv. No. B313488<br>(Super. Ct. No. J072546)<br>(Ventura County) |

In a petition for extraordinary writ, I.A. (Mother) challenges the juvenile court's order terminating reunification services and setting the matter for a selection and implementation hearing regarding her daughter, Y.V.  (Welf. &

Inst. Code, § 366.26, subd. (*l*)[1]; Cal. Rules of Court, rule 8.452.) We deny the petition.

## FACTUAL AND PROCEDURAL HISTORY

Mother and Father frequently fought verbally and physically. On May 27, 2020, when Y.V. was six months old, Mother and Father pushed each other while Mother was holding the child. Both pulled the child to attempt to gain possession. Mother grabbed Father, pulled him to the ground, punched him, and choked him until he began to lose consciousness. Y.V. cried throughout the incident.

Mother had been using methamphetamine for over 13 years. She had a pattern of using substances in the first trimester of pregnancies, remaining sober through the birth and breastfeeding, then resuming drug use. Father obtained methamphetamine for her and they used it together daily. Father also used heroin. On at least one occasion after they used drugs, Mother did not wake up to attend to Y.V. when she was crying.

The juvenile court sustained the dependency petition and ordered reunification services. (§ 300, subds. (b)(1), (j).) At the six-month review hearing, the Human Services Agency reported that Mother and Father continued to have frequent arguments in which Father yelled at Mother. The court noted that they both needed to make further progress regarding their interactions and ordered that reunification services continue.

In April 2021, Mother left Y.V. in the care of Father. She denied doing so to the social worker. Days later, she rode in a vehicle while holding Y.V.'s infant brother in her arms without

---

[1] Further unspecified statutory references are to the Welfare and Institutions Code.

using a car seat.  The next day, she failed to take the brother to a medical appointment.  Father had four positive tests for amphetamine, methamphetamine, and opiates and failed to test thereafter.

Mother participated in case plan services but was not "internalizing what she has learned" and was "just going through the motions" until Father would be released from jail.  Therapy was terminated after she missed three sessions.  She was referred to another therapist, but therapy was delayed because she did not complete the paperwork.

Mother provided 10 drug tests.  All were negative, but five could be considered positive because they were diluted.  She did not obtain a 12-step sponsor for five months and did not complete step 1.

Mother told the social worker that she was not in contact with Father and they would no longer see each other.  But during that period, Mother had 23 telephone calls with Father.  They said they were in a committed relationship and would reunite after Father was released from jail, but would avoid meeting in public where there might be cameras.  They planned to move to Northern California with the children.

At the 12-month review hearing, Mother testified that domestic violence with Father was harmful to Y.V., and she was worried it could happen again.  But she testified she had "cut all ties" with Father.

The court found that Mother had failed to gain insight and would not make the necessary progress if five additional months of services were provided.  The court terminated services and set a selection and implementation hearing (§ 366.26).  The court ordered that Mother receive

monitored visitation as "consistent with the well-being of the child(ren)."

**DISCUSSION**

Mother contends that insufficient evidence supports the finding of substantial detriment to the child if returned to Mother's care, and that the juvenile court erred when it terminated reunification services. We disagree.

At the 12-month review hearing, the juvenile court must order the child returned to the parent "unless the court finds, by a preponderance of the evidence, that the return of the child . . . would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child." (§ 366.21, subds. (e)(1), (f)(1).) "The failure of the parent . . . to participate regularly and make substantive progress in court-ordered treatment programs shall be prima facie evidence that return would be detrimental." (§§ 366.21, subds. (e)(1), (f)(1)(B), 361.5, subd. (a)(3)(A).)

The court may continue the case for six additional months only if it finds "a substantial probability that the child will be returned . . . within the extended period of time" based on findings that (A) the parent "consistently and regularly contacted and visited with the child," (B) the parent "has made significant progress in resolving problems that led to the child's removal from the home," and (C) the parent "has demonstrated the capacity and ability both to complete the objectives of [their] treatment plan and to provide for the child's safety, protection, physical and emotional well-being, and special needs." (§366.21, subd. (g)(1).)

We review the juvenile court's determinations for substantial evidence. (*J.H. v. Superior Court* (2018) 20

4

Cal.App.5th 530, 535 [termination of services]; *In re B.S.* (2012) 209 Cal.App.4th 246, 252 [detriment finding].)  We resolve all conflicts and inferences to uphold the decision and do not reweigh the evidence.  (*In re A.A.* (2008) 167 Cal.App.4th 1292, 1313.)

Substantial evidence established a risk of detriment to Y.V. and no likelihood she could be returned to Mother's custody before the 18-month time limit expired.  (§§ 361.5, subd. (a)(3)(A), 366.21, subd. (g)(1).)  Mother lied about her relationship with Father, left Y.V.'s infant brother unsupervised with Father, transported the infant in a vehicle without restraints, and failed to take him to a medical appointment.  Mother failed to benefit from the services provided, as evidenced by her limited participation in therapy and her failure to gain insight into safe parenting practices.

Mother asserts the juvenile court should have continued reunification services because she had terminated her abusive relationship with Father.  But substantial evidence established that notwithstanding her contrary statements, they planned to continue their relationship, and that it continued to pose a substantial risk to Y.V.

Mother also failed to show that she had overcome her substance abuse problems.  The court acknowledged the absence of drug use since October, but noted that she had shown a similar pattern in the past, and had not demonstrated that she had the necessary "sober support in place" to avoid future substance abuse.

Mother argues that the information provided to the court by the Human Services Agency was "incomplete."  She attached several exhibits of "updated information" to her petition, some of which were not before the juvenile court.  But we cannot

5

consider documents outside the record. (Cal. Rules of Court, rule 8.452(b)(1); *In re Zeth S.* (2003) 31 Cal.4th 396, 413.)

Mother requests that she be granted additional visitation. She has not shown that the juvenile court abused its discretion regarding visitation. (§ 366.21, subd. (h); *In re J.N.* (2006) 138 Cal.App.4th 450, 459.) Nor has she shown that the court abused its discretion when it placed Y.V. with relatives of Father rather than with the maternal grandmother. (*Los Angeles County Dept. of Children & Family Services v. Superior Court* (2007) 158 Cal.App.4th 1562, 1569.)

In summary, substantial evidence established that Mother's substance abuse and abusive relationship with Father continued to place Y.V. at risk. Mother failed to show sufficient progress in treatment to warrant additional reunification services. "[I]n order to prevent children from spending their lives in the uncertainty of foster care, there must be a limitation on the length of time a child has to wait for a parent to become adequate." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 308.) The juvenile court did not err when it terminated services and set the case for a section 366.26 hearing.

## DISPOSITION

The petition for extraordinary writ is denied. The request for a stay of the section 366.26 proceedings is denied.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


YEGAN, Acting P. J.                    PERREN, J.

6

Tari L. Cody, Judge

Superior Court County of Ventura

_____


DRE and Hannah Gray for Petitioner.

No appearance for Respondent.

Tiffany N. North, County Counsel, Linda Stevenson, Assistant County Counsel, for Real Party in Interest.